^Derbigny. J.
delivered the opinion of the , ¾ , . . , ter‘Son lUACle lilS prunilWSOfy liOÍC, to court. On the first of April, 18(9, James Patine order of the defendants, payable on the first day of ’ Allowing- The expressions are “on the first (,¾’ of May next fixed. I promise to pay Pattprson ⅜* Pi)i,!H"? or twder, &c” The idáhitiff having put this note in the Louisiana bank for collection, the hank caused a demand to be. made of * he maker, at the expiration of the three d a's of grace, to wit, on the fourth of May. and on that day had it protested for non.payment.' The plaintiff how sues the end* r-sers; and in .case it should be decreed that they are exonerated, he calls upon the Louisiana '..bankas answerable for tfie amount, on account of ijfeglect.
; The question between the plarintiíJ* and the endorsers is, whether a promissory note, payable on'a certain dax'fixed. must he paid on that day exclusive of-tóbíday s of grace. If it should *461 be so adjudged, the enquiry wjiich will arise ⅛ ' , , . . ii between >&e plaintiff and the Louisiana bank will lie, whether, as agents, they have incurred any responsibility on this occasion.
It appears that this mode of making notes payabie on a certain day, with the addition'of toe word fixed, is not usual in the United States, for no case has been found where any such tiling is mentioned. We would, therefore, look in vain in the law merchant, as it prevails generally through the Union, for any rule on the subject. This is an usage peculiar to our own stale, and w ha’ever be the rules by which it must be tested, the must be found at ho ne.
By recurring to the authors who have written on the laws which formerly governed this country,-we find that this manner of makipg promissory notes was Well known to them. Feb-rero, de contrs. ch. 15, § 15, no. it, after limn-turning the different bitl§ of exchan e which are entitled to the delay of the da^s.of, grace, makes this remarkable observation; pero i la letra dice, u tantos dias prefixos, ó-a tantos dias sin mas termino* no hay cortesía, y asi debe pagarse, en el de su vencimiento. But, if the bill sais at so many days fixed, or, at so many days, without further term, there are then Rb days of grace, and the bill must be paid on *462 the day it bi cornes due. Such an authority ou. ", • ,, , , , ' , . , f, ' a point, on which thejkw merchant oi the United S.ates is silent, ought to be cqnciiisive.^-But the defendants oppose to it the opinion of ⅜ foreign jurist, who thinks that the word jived, added to the time of payment of a hilt or note, has no meaning, and oug si to be considered as surplusage ; and as in commercial matters Spanish laws and Spani-h usages cannot, as we have already said, be deemed absolutely binding, it is not improper to examine, and compare both these contrary opinions* and see which is more consonant with justice.
Jousse, in his comment on the French ordinance of 1673, declares it to be his sentiment, that in a note payable on such a day, ¡he insertion of the word fixed adds nothing to the sense ; and does not prevent the allowance of the days of gfece ; hut lie acknowledges, that if the note w as made payable oa,such a day, exclusive of the days of grace, it would be pa. able on that day absolutely. It must be confessed, that in this latter case, there would be but little room for interpretation, and he would be obstinate indeed, who would insist on the days of grace, after such a stipulation. But, although the word Jived is not cpii'e so expressive, is it' true that it has no meaning ? Among the definitions of *463 , the verb to-fix, ope ;⅛ té direct without variation, anofcirer to establish iti variably'; take either ; the idea: of invariabilily is attached to both. The word is used eviden'ly with . a view to make the payment on that day pore certain, than it otherwise would be. It is a general rule, for the inierpreiatioir'of contracts, to ehdea\4r to give ail the;words some meaning, and to reject only those which can have no meaning at all. — Another rule to ascertain the sense of a doubtful word is, to examine with what intention the parties may have inserted it. In con-veritionibus. contrahentiwrn vohíntátam, potras . quam verba spectari placuit. Can it be supposed that the parties in this case introduced thjs expression in the note '.Without any intention,'anil for no purpose ; an expression never used in the common manner of making notes, and which, under tfte former, laws and usages of this country, had the effect, as Febrero informs us, to prevent any allowance of the days of grace? It cannot be believed. We, therefore, think that the word fixed, was intro-ducedhere with the intention of making the "*éoté' payable on the first of May, absolutely and invariably; that a demand of payment ought to have taken place tin that day ;, and that for want of such a demand* the endorsen? *464 am accoftthus to the taws'⅛£ commerce, exohe- , v -A T ' ’ • "• . rated. '⅞ • ¡⅛ ;⅜ *■ ■
The question now to he decided between the Louisiana bank and the plaintiff, is, whether the bank lias incSrred any responsibility as agent from neglect pi' unskill fulness in the management of this business ? The principles in niat'er of.agency are generallywvell understood. If he who undertakes the business of another is capable of managing it, an l neglects to do so, with due care, he is .answerable. If lie is not capable, he, is still .answer diie, f>r he ought not to have engaged to do (hat which he Ton Id not perform j, á procutatoré dolum omnem cul-pam, nonretiam improvisum casum prfestandum e se, juris uuctoritate manifesté deciar at ur.* C. L .1 muni. In this instance i he btyak eilhhr knew (as the defendants offered’ to prove) that such a note was payable exclusive of the days of grace, af¡d not demanding payment on .thgt day was a neglect; .or they were iguorani of it, and then they undertook to perform a thing for the execution of which they had not sufficient information.: In either ca-,e they h^ye incu/red ■ responsibility. Toe. obrervations nmde by th.eir Counsel,,as to the na'ure of their agency, which yvas gratuitous;. áre of no force. The psin- *465 ciples above laid do Wo govern as well if» castes of gratuitous agencies. as in others. The froth is. that they are derived from the Roman law, to which no such thing was known as agency for a salary.
Livingston for the plaintiff, Smith for the endorsers, Morequ for the bank.
If is. theréfore,* ordered, adjudged and decreed that the judgment of the district court be reversed; and proceeding to give such judgment as we think ought to have heed rendered below, we do further adjudge and deferee that judgment be entered for the defendants, Patterson & l’hilpot, and that the plaintiff do recover against the Louisiana Bank the amount of tb# note here sued for, to w it, nine hundred and sixty-four dollars and ninety-three cents, with costs.